IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-17-286-D |
| ) | Case No. CR-19-70-D |
| SHEREFF BROWN, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

The Court has received a document from Defendant that has been filed in each of his closed criminal cases as a *pro se* motion to seal the court record. *See United States v. Brown*, Case No. CR-17-286-D, Mot. Seal [Doc. No. 43] and *United States v. Brown*, Case No. CR-19-70-D, Mot. Seal [Doc. No. 26]. Defendant seeks the sealing of his case records so that he "can change [his] life and no longer be judged by [his] past mistakes and get a good job to make an honest living." *Id.* at 1.

The court of appeals has explained its position concerning the sealing of court records as follows:

> "Courts have long recognized a common-law right of access to judicial records." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quotation marks omitted); *see United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) ("It is clearly established that court documents are covered by a common law right of access."); *see also United States v. Hickey*, 767 F.2d 705, 706, 708 (10th Cir. 1985) (applying the common law right of access to "the details of [a defendant's] plea bargain"). Although this common law "right is not absolute," *Colony Ins.*, 698 F.3d at 1241 (quotation marks omitted), there is a "strong presumption in favor of public access," *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). This strong presumption of openness can "be overcome where countervailing interests

heavily outweigh the public interests in access" to the judicial record. *Colony Ins.*, 698 F.3d at 1241 (internal quotation marks omitted); *see McVeigh*, 119 F.3d at 811. "Therefore, the district court, in exercising its discretion [to seal or unseal judicial records], must 'weigh the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

*United States v. Bacon*, 950 F.3d 1286, 1292-93 (10th Cir. 2020). As the party seeking to seal the records in his cases, Defendant bears the burden "to articulate a sufficiently significant interest that will . . . override the presumption of public access." *Bacon*, 950 F.3d at 1293 (quoting *Pickard*, 733 F.3d at 1303).

Applying these legal principles, the Court finds that Defendant has failed to articulate a sufficient interest to overcome the presumption of public access to judicial records. Although Defendant is understandably concerned about the impact of his criminal record on his ability to reintegrate into society and find suitable employment, the Court finds that this concern does not outweigh the paramount interest of public access to court records.

IT IS THEREFORE ORDERED that Defendant's Motions to Seal in Case No. CR-17-286-D [Doc. No. 43] and Case No. CR-19-70-D [Doc. No. 26] are DENIED.

IT IS SO ORDERED this 13th day of August, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge